UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LORI MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-427-TRM-JEM |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 26], filed on January 24, 2022. Plaintiff requests that the Court enter an Order awarding $4,261.30 in attorney's fees and $17.25 in expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). For the reasons stated more fully below, the Court will **RECOMMEND** that Plaintiff's Motion [Doc. 26] be **GRANTED**.

I. **BACKGROUND**

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on October 2, 2020, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1].

On July 23, 2021, Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 19 & 20]. On October 21, 2021, the Parties filed a Joint Motion to Remand to

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

Social Security Administration [Doc. 23].  On October 26, 2021, Chief District Judge McDonough entered an Order of Remand [Doc. 24], finding as moot Plaintiff's Motion for Judgment on the Pleadings [Doc. 19] and granting the Parties' Joint Motion to Remand to Social Security Administration.  Chief District Judge McDonough entered a Judgment Order [Doc. 25] concurrently with the Order of Remand, remanding the case to the Social Security Administration, and directing the Clerk of Court to close the case [Doc. 25].

On January 24, 2022, Plaintiff filed a Notice of Motion for Attorney's Fees Pursuant to the EAJA on January 24, 2022, as well as an Affidavit in Support, time billing entries, list of expenses, and Plaintiff's affirmation and waiver of direct payment of EAJA fees, and a memorandum in support [Docs. 26–28].  The Commissioner filed a response [Doc. 29] on January 25, 2022, stating that she had no opposition to the payment of attorney's fees and expenses in the amount requested.

## II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA.  Four conditions must be met before fees will be awarded under the EAJA:

> 1.  Plaintiff must be a prevailing party;
>
> 2.  the Commissioner's position must be without substantial justification;
>
> 3.  no special circumstances warranting denial of fees may exist; and
>
> 4.  the application for attorney fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1); *see Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  The Court will address each consideration in turn.

### A. The Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (obtaining a sentence-four judgment reversing denial of benefits meets the "prevailing party" description). Therefore, the Court finds that the first condition for granting attorney's fees under the EAJA has been met.

### B. The Commissioner's Position was Without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). "The Government bears the burden of proving that a given position was substantially justified, and it discharges that burden by demonstrating that the position had a 'reasonable basis both in law and fact.'" *DeLong v. Comm'r Soc. Sec. Admin.*, 748 F.3d 723, 725–26 (6th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (other citations omitted). In this case, the Commissioner has stated that she does not oppose Plaintiff's request for attorney's fees under the EAJA [Doc. 29]. Thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third condition for granting attorney's fees under the EAJA has been met.

### D. The Plaintiff's Request for an Award of Fees is Timely

In support of her motion for attorney's fees, Plaintiff's counsel submitted an affidavit which included an itemized statement detailing the work performed in this case on behalf of Plaintiff—

3

which amounted to 20.4 attorney hours expended, at an applicable hourly rate of $191.24 [Doc. 27-2], and 7.2 paralegal hours at an hourly rate of $50.00 [Doc. 27-3]. The Court observes that the motion includes a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

E.     The Court Finds that the Fees Requested Are Reasonable

The Commissioner has no opposition to Plaintiff's request for attorney's fees. Plaintiff's counsel has submitted an itemized statement detailing the work performed in this case on behalf of Plaintiff which amounted to 20.4 attorney hours expended, at an applicable hourly rate of $191.24, and 7.2 paralegal hours at an hourly rate of $50.00.

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

The Court uses the cost-of-living formula approved in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003), to calculate the appropriate hourly rate, and notes that the requested hourly rates appear appropriate. "This district historically relies on the formula set forth in *Cook v. Barnhart*, which relies on the annual average Consumer Price Index ("CPI") divided by 100.3. Pursuant to *Cook*, the hourly rate is $125.00 per hour multiplied by 'the prior year's annual average' CPI." *Ownby v. Colvin*, No. 3:13-CV-722-TAV-CCS, 2015 WL 1757850, at *5 (E.D. Tenn. Apr. 17, 2015). The calculated hourly rate may be rounded up or down as appropriate. *Id.*

Plaintiff requests EAJA fees for attorney work performed in 2020, 2021, and 2022 [Doc. 27-1]. Using the *Cook* formula and the annual average CPIs for the relevant years,[2] the Court has calculated appropriate hourly rates of $194 for 2020, $196 for 2021, and $206 for 2022. Ultimately, the Court has considered the amount requested of $191.24 per hour for all attorney work performed in this timeframe, and combined with the Commissioner's response of non-opposition, the Court finds that the fee amount is reasonable. *See, e.g.*, *Shedd v. Comm'r of Soc. Sec.*, No. 3:20-cv-00119-CLC-HBG (E.D. Tenn. Sept. 20, 2021) (Doc. 27), *report and recommendation adopted*, No. 3:20-cv-00119-CLC-HBG (E.D. Tenn. Oct. 7, 2021) (Doc. 28) (awarding EAJA fees at the requested hourly rate of $191.24 per hour for attorney time and $50 per hour for paralegal time).

Additionally, a prevailing party may receive fees for work requiring legal knowledge performed by paralegals. *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 804–05 (N.D. Ohio

---

[2] The relevant CPIs are 155.489 for 2019, 157.077 for 2020, and 165.362 for 2021. *See* U.S. Bureau Lab. Stat., CPI for All Urban Consumers (CPI-U) South – Size Class B/C (accessed on Feb. 8, 2022), https://data.bls.gov/timeseries/CUURN300SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true.

2013); *Lay v. Astrue*, No. 10-346-DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012) (paralegal services are tasks which require some legal knowledge but do not necessitate the direct involvement of an attorney and these tasks are compensable under the EAJA). On the other hand, fee requests for tasks that are purely clerical or secretarial in nature are not compensable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them."); *Synder v. Comm'r of Soc. Sec.*, No. 1:06-cv-2737, 2011 WL 66458, at *2 (N.D. Ohio Jan. 10, 2011) (the EAJA does not include payment of clerical tasks). The Court has reviewed the submitted billing entries [Doc. 27-1] and finds that Plaintiff's counsel has not attempted to include entries that are strictly clerical in nature, but has only submitted hours that require legal knowledge, such as preparing the EAJA fee request.

## III.   CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[3] that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 26] be granted, and a judgment awarding Plaintiff the amount of $4,261.30 in attorney's fees and $17.25 in expenses pursuant to the EAJA be entered. However, the Court also notes that in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

to offset to satisfy a pre-existing debt that the litigant owes to the United States. If Plaintiff owes no debt to the United States, the payment of EAJA fees can be made directly to Plaintiff's counsel at the Olinsky Law Group per the assignment.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge